Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MFS SUPPLY LLC, an Ohio limited liability company,<br><br>    Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant MFS SUPPLY LLC, an Ohio Limited Liability Company ("Defendant") to stop its illegal practice of sending unsolicited telemarketing texts to the cellular telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2. MFS SUPPLY LLC is a supplier for real estate agents. As a part of their marketing, Defendant sent thousands of text message solicitations to consumers whose phone numbers were registered on the Federal Do Not Call Registry.

3. Defendant did not obtain express written consent prior to sending these unsolicited messages and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7. By sending text message solicitations to people who have registered their phone numbers on the national database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented text messaging, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen of Omaha, Nebraska.

10. Defendant MFS SUPPLY LLC ("MFS") is an Ohio Limited Liability Company. MFS's headquarters is 31100 Solon Rd, Solon, Ohio.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendant because Defendant caused the violating texts to be placed to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. MFS SUPPLY LLC markets and sells supplies to real estate agents for sale on its website mfssupply.com.

15. Unfortunately, Defendant failed to obtain consent from Plaintiff and the Class or check the Do Not Call registry before sending unsolicited texts.

## FACTS SPECIFIC TO PLAINTIFF

16. Plaintiff received unsolicited texts from Defendant on his cellular phone.

17. The text messages were advertising Defendant's lockboxes for real estate agents.

18. The first text was received on August 25, 2023 at 12:01 pm and said:

> MFS Supply – Get (12) VaultLOCKS 3200 lockboxes for only $134.99. That's only $11.25/lockbox! Use LBDEAL2 at checkout www.mfssupply.com.

3

>   Text STOP to end

19. The second text was received on October 26, 2023 at 10:38 a.m. and said:

>   MFS Supply – Lockbox SPECIAL! Get (12) 3200 Lockboxes for $149.99 + FREE SHIPPING! That's only $12.50/lockbox! Use code SHIP_12PK3200
>
>   Text STOP to end

20. Plaintiff accessed the website referenced in the text message and saw that it was operated by Defendant.

21. At the time of Defendant's unsolicited text messages, Plaintiff's phone number ending in 1146 had been registered on the Federal Do Not Call Registry since December 17, 2004.

22. Plaintiff never consented to receive any communications, let alone phone calls or text messages, from Defendant. Plaintiff never heard of Defendant and had no relationship with Defendant prior to this interaction.

23. Defendant's text messages violated Plaintiff's statutory rights and caused actual and statutory damages.

24. In addition to causing statutory damages, the illegal texts caused wasted annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff.

## CLASS ALLEGATIONS

25. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

>   **Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant texted more than once in a 12-month period (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time the texts were sent.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

28. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone texts.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

30. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the texts were caused by Defendant;

   b. Whether the texts promoted Defendant's products or services;

   c. Whether Defendant obtained written express consent prior to sending the texts;

   d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

32. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain

effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
Violation of 47 U.S.C. § 227(c)
Do Not Call Provision
(On behalf of Plaintiff and the Class

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant sent unsolicited text messages to Plaintiff's and the Class members' telephones numbers without having their prior written consent to do so.

35. At the time the text messages were sent, the telephone numbers of Plaintiff and the Class had been registered on the Do Not Call Registry for more than thirty (30) days.

36. Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by telemarketing to telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

37. Defendant's text messages were sent for the commercial purpose of selling their products.

38. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

39. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations telephone numbers listed on the Federal Government's National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D. An injunction requiring Defendant to cease all unlawful text messages without first checking the Do Not Call registry, obtaining the recipients' express consent to receive such texts, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 27, 2023         Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (CA 323729)

8

Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*