## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TERRENCE SHANAHAN, individually, and on behalf of all others similarly situated;** | **8:23CV475** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM AND ORDER** |
| **MFS SUPPLY LLC, an Ohio limited liability company;** | |
| **Defendant.** | |

This matter comes before the Court on two motions filed by the parties. Plaintiff, Terrence Shanahan, has filed a Motion for Leave to Modify File First Amended Class Action Complaint and Modify Case Progression Order (Filing No. 33). Plaintiff requests leave to file a proposed amended complaint that modifies "the class definition to conform to facts obtained in discovery and plead facts regarding Plaintiff's membership in the putative class." (Filing No. 33). Defendant opposes the motion because Plaintiff did not demonstrate good cause to modify the progression order to allow the untimely amendment; Defendant will be prejudiced by the amendment; Plaintiff's proposed amended complaint is futile; and Plaintiff's amendment is brought in bad faith and for a dilatory motive. (Filing No. 36).

Defendant has filed a Motion to Compel, to Deem Admissions Admitted, and to Enlarge the Number of Interrogatories to be Issued to Plaintiff (Filing No. 35). Defendant seeks a court order requiring Plaintiff to provide complete responses to Defendant's Second Set of Interrogatories and to Defendant's Second Set of Document Requests; deeming Defendant's First Set of Admissions as admitted; and for reasonable attorney fees incurred in filing the motion. Plaintiff opposes the motion because Defendant failed to obtain the leave of Court to file its motion; failed to meaningfully meet and confer on the issues raised; failed to demonstrate Plaintiff's objections to overbroad and unauthorized discovery should be overruled; and failed to demonstrate why Plaintiff's requests for admission should be deemed admitted. (Filing No. 38).

After review and due consideration of the pleadings, case progression order, local rules, and Rules of Federal Civil Procedure, the Court will deny both motions.

## BACKGROUND

On October 27, 2023, Plaintiff filed a class action complaint against Defendant "to stop its illegal practice of sending unsolicited telemarketing texts to the cellular telephones of consumers whose phone numbers were registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct" under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Filing No. 1). According to Plaintiff's Complaint, Defendant markets and sells supplies to real estate agents for sale on its website. Plaintiff alleges he received two unsolicited texts to his cell phone from Defendant advertising lockboxes for real estate agents. One text was received on August 25, 2023, and the second on October 26, 2023. Plaintiff alleged that, at the time Defendant sent these text messages, Plaintiff's phone number ending in 1146 had been registered on the Federal Do Not Call Registry since December 17, 2004. Plaintiff alleges he did not consent to receiving such communications from Defendant. (Filing No. 1 at pp. 3-4).

Plaintiff's Complaint defines the proposed class as, "All persons in the United States who: (1) from the last 4 years to present (2) Defendant texted more than once in a 12-month period (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time the texts were sent." (Filing No. 1 at p. 4). Plaintiff's Complaint contains one cause of action for violations of 47 U.S.C. § 227(c) by telemarketing to telephone numbers listed on the Federal Government's National Do Not Call Registry. (Filing No. 1 at p. 7).

Defendant filed an answer largely denying Plaintiff's allegations and raising a number of affirmative defenses, including that Plaintiff's claims and those of the putative class or collective members are barred by any statutory exclusions, Plaintiff impliedly or expressly consented to such messages, among several other defenses. (Filing No. 8).

The parties filed a Rule 26(f) Report setting forth proposed deadlines and other parameters for discovery in this case. (Filing No. 16). The parties indicated they did "not anticipate any disputes over the number of discovery requests served," but did note their disagreement as to whether discovery should be bifurcated into two phases; Defendant proposed the Court limit the first phase of discovery to the named plaintiff, with the second stage of class discovery occurring if the Court grants class certification. (Filing No. 16 at p. 11). The Court adopted Defendant's proposal and entered a Case Progression Order on January 16, 2024, which limited discovery to the named plaintiff pending further order of the Court. (Filing No. 20).

Neither party indicated they anticipated a need to amend pleadings in their Rule 26(f) Report, so the Court set March 15, 2024, as the deadline for parties to move to amend pleadings or add parties. (Filing No. 20 at p. 1). Per the parties' agreement, the Court set the written discovery deadline for June 24, 2024, and the motion to compel deadline for July 8, 2024. Importantly, the Case Progression Order provided, "A motion to compel . . . shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court." (Filing No. 20 at p. 1).

The parties thereafter commenced discovery. On February 7, 2024, Defendant served Plaintiff with Defendant's First Set Of Interrogatories, First Requests For Production, And First Requests For Admissions. (Filing No. 23). Defendant took Plaintiff's deposition on May 6, 2024. (Filing No. 35-2). Defendant avers that "discovery in this matter drastically changed after Plaintiff was deposed" because Plaintiff "provided new facts in his deposition that were not disclosed in prior lawsuits filed by Plaintiff." (Filing No. 35-3 at pp. 1-2). In part, Defendant represents Plaintiff "disclosed the business use of his Phone Number in the deposition." (Filing No. 35-3 at p. 3). During his deposition, Plaintiff testified he is a real estate agent and his personal cell phone number ending in 1146 has been associated with his real estate license since 2006, (Filing No. 35-2 at p. 19), as well as his business phone number for Plaintiff's Business, Shanahan Management Group, (Filing No. 35-2 at pp. 5-6; Filing No. 35-2 at p. 34).

Defendant subsequently served Plaintiff with a Second Set of Interrogatories, Second Requests For Production (RFP), and Second Requests for Admissions (RFA) on May 8, 2024. (Filing No. 35-3 at p. 2). Plaintiff served his Objections and Responses to the Second Set of written discovery on June 10, 2024. Plaintiff objected to all of the Second Set of Interrogatories on the grounds that Defendant exhausted the maximum number of interrogatories permitted to be served by Rule 33(a). (Filing No. 35-3 at pp. 27-31). Plaintiff objected to the Second Set of RFP Nos. 1 through 26, and 29, as irrelevant, not narrowly tailored, unduly burdensome, overbroad, disproportionate, and not limited in time or scope. Plaintiff answered "None" to RFP Nos. 27-28. (Filing No. 35-3 at pp. 32-42). Plaintiff objected to several of the Second Set of RFAs on the grounds that they were vague and ambiguous, and denied the others. (Filing No. 35-3 at pp. 42-49).

Upon receipt of Plaintiff's responses, Defense counsel emailed Plaintiff with the comment, "These are late," to which Plaintiff's counsel responded, "No they're not." (Filing No. 38-2 at p. 14). Defense counsel replied, "The admissions were due on the 7th. You are late on the admissions. The remainder of the responses are woefully inadequate. . . ." Plaintiff's counsel continued to assert the responses were timely, and Defense counsel again replied the responses "were due on Friday as we discussed last week. You missed the deadline." Plaintiff's counsel replied, "Thanks for your professional courtesy in waiting one day. The requests were all overly broad." Defense counsel apparently did not respond to that message. (Filing No. 38-2 at pp. 13-15).

The Case Progression Order scheduled a status conference in June 2024. In advance of the status conference, counsel notified the Court of a growing dispute between the parties regarding whether Plaintiff should be granted leave to conduct class discovery. See Filing Nos. 20, 29. Additionally, on June 12, 2024, prior to the call, Plaintiff filed a motion for leave to amend the complaint. (Filing No. 30). The bulk of the conference held on June 17, 2024, focused on Defendant's arguments that discovery demonstrated Plaintiff used his cell phone for his real estate business, and Defendant's desire to file a dispositive motion on that basis. The interplay between Plaintiff's request to amend the complaint and Defendant's intent to file a dispositive motion was discussed. Because Plaintiff's motion for leave to amend was filed after the motion to amend pleadings deadline expired, the Court directed Plaintiff to file an amended motion because Plaintiff had failed to make any showing of good cause to amend the case progression order under Rule 16(b) when asking for leave to amend. (Filing No. 32).

During the status conference, defense counsel indicated there were still some outstanding discovery issues arising out of Plaintiff's deposition and "supplementation promised," but counsel still needed to "meet and confer" and "hopefully we can resolve those issues without presenting them to your honor, so we will need to confer on those." (Filing No. 32 at 8:00-8:35). Plaintiff's counsel stated he did not believe there was much discovery outstanding, as most of Defendant's requests were "overbroad." The Court stated the discovery as to Plaintiff's responses "should be resolved between the parties as quickly as possible." (Filing No. 32 at 16:38-17:15). The Court declined to grant Plaintiff's request to conduct class discovery at that time, and directed the parties to continue to meet and "resolve any issues with regard to written discovery." (Filing No. 32 at p. 19:20-20:16). The Court did not give Defendant leave to file a motion to compel or otherwise address the merits of the dispute regarding Plaintiff's outstanding written discovery responses.

On June 26, 2024, Plaintiff filed the instant amended motion to amend the complaint. (Filing No. 33). Plaintiff "proposes to modify the class definition and satisfy Plaintiff's prudential standing" after purportedly learning during Defendant's Rule 30(b)(6) deposition on May 10, 2024, that Defendant "sent approximately 34,000 text messages to a nationwide list of Berkshire Realty Ambassadors (a list that includes Plaintiff)." (Filing No. 33-1).[1] Plaintiff seeks to add allegations to his complaint that:

- Defendant obtained Plaintiff's information when it downloaded a nationwide list of 17,000 (Seventeen Thousand) Berkshire Hathaway Ambassador real estate agents. Plaintiff was unaware and had no knowledge that Defendant obtained Plaintiff's information. Defendant uploaded the list to Textedly, a text messaging platform, and sent out two text messages soliciting one of its popular products (lockboxes, which are locked boxes for keys that realtors share).
- Plaintiff's phone number ending in 1146 is Plaintiff's only residential phone number, and Plaintiff does not have a "landline"
- Plaintiff's phone number ending in 1146 is his personal cell phone
- Plaintiff owns a real estate business and maintains four separate phone numbers ending in 6224, 0737, 6430 and 0366 for operational purposes so that people do not call his personal cell phone for matters dealing with routine operation of the business

(Filing No. 33-4 at pp. 4-5). Plaintiff seeks to amend the class definition as:

> All persons in the United States who: (1) are on the list of Berkshire Hathaway Realtors obtained by MFS Supply LLC; (2) whose telephone numbers were connected to cell phones; (3) registered on the Federal Do Not Call registry; (4) whose owners do not maintain any other residential telephone numbers; and (5) do have separate telephone number(s) for business purposes.

(Filing No. 33-4 at p. 5).

On July 8, 2024, Defendant filed the instant Motion to Compel, to Deem Admissions Admitted, and to Enlarge the Number of Interrogatories to be Issued to Plaintiff. (Filing No. 35). Defense counsel filed a declaration with the motion, stating Plaintiff's counsel "never followed through on his promises made in [Plaintiff's deposition] to provide relevant documents and information," "refused to respond to interrogatories," and "did not timely respond to the Second Set of Discovery Requests." (Filing No. 35-3 at p. 3). Defense counsel avers that, "In response to a Rule 37 letter, Plaintiff produced a list of limited liability corporations owned and operated by

---

[1] While Plaintiff cites to the Rule 30(b)(6) deposition in his brief, Plaintiff did not actually supply a transcript of the deposition for the Court's review.

Plaintiff" and limited phone bills. *Id.* Defense counsel further avers he "provided a copy of its Motion to Compel and Memorandum in Support to Plaintiff's counsel on July 7, 2024. Plaintiff's counsel would not move from his offer to only produce documents and information he desires to produce." (Filing No. 35-3 at pp. 3-4).

In support of its motion, Defendant filed the following attachments with its brief: excerpts from Plaintiff's deposition (Filing No. 35-2 at pp. 1-33); a screenshot of Shanahan Management Group's business page and information (Filing No. 35-2 at pp. 34-36); copies of nine other TCPA complaints filed by Plaintiff (Filing No. 35-2 at pp. 37-118, 122-138); a screenshot of Plaintiff's business Facebook page (Filing No. 35-2 at p. 120); a MapQuest screenshot of Plaintiff's business location (Filing No. 35-2 at p. 121); Defense counsel's Declaration (Filing No. 35-3 at pp. 1-5); Defendant's Second Set of Interrogatories, Second Requests For Production, and Second Requests for Admissions served on Plaintiff on May 8, 2024 (Filing No. 35-3 at pp. 6-26); and Plaintiff's Objections and Responses to Defendant's Second Set of Written Discovery dated June 10, 2024 (Filing No. 35-3 at pp. 27-50). Defendant seeks a court order requiring Plaintiff to provide complete responses to Defendant's Second Set of Interrogatories and to Defendant's Second Set of Document Requests; deeming Defendant's First Set of Admissions as admitted; and for reasonable attorney fees incurred in filing the motion.

## I.    Plaintiff's Motion to Amend Complaint

Federal Rule of Civil Procedure 15 provides that the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).

Additionally, when a party seeks leave to amend under Rule 15(a) outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b). See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). In this case, the Court entered a case

progression order on January 16, 2024, setting March 15, 2024, as the deadline for parties to move to amend pleadings or add parties. (Filing No. 20 at p. 1). Plaintiff filed the present motion more than three months after expiration of that deadline. Therefore, Plaintiff must first demonstrate good cause to amend the complaint. See *Sherman*, 532 F.3d at 716.

"The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024), *reh'g denied*, No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause." *Midwest Med. Sols.*, 95 F.4th at 607 (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. See *Sherman*, 532 F.3d at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii*, 512 F.3d at 497.

After review of Plaintiff's proposed amended complaint and the circumstances of this case, the Court finds Plaintiff has not demonstrated good cause under Rule 16(b) to modify the scheduling order to allow the untimely amended pleading. Plaintiff claims he learned facts during Defendant's Rule 30(b)(6) deposition on May 10, 2024, that prompted his belated motion to amend. Specifically, Plaintiff claims he learned that "Defendant obtained Plaintiff's information when it downloaded a nationwide list of 17,000 (Seventeen Thousand) Berkshire Hathaway Ambassador real estate agents. Plaintiff was unaware and had no knowledge that Defendant obtained Plaintiff's information. Defendant uploaded the list to Textedly, a text messaging platform, and sent out two text messages soliciting one of its popular products (lockboxes, which are locked boxes for keys that realtors share)." However, this factual information changes nothing about Plaintiff's legal claim or basis for his lawsuit contained in the operative complaint. Plaintiff's Complaint already alleges he received two unsolicited text messages to his cell phone

from Defendant advertising lockboxes for real estate agents, and that at the time Defendant sent these text messages, Plaintiff's phone number ending in 1146 had been registered on the Federal Do Not Call Registry since December 17, 2004. Plaintiff also alleged he did not consent to receiving such communications from Defendant. Plaintiff's Complaint contains one cause of action for violations of 47 U.S.C. § 227(c) by telemarketing to telephone numbers listed on the Federal Government's National Do Not Call Registry, and his proposed amended complaint does not add to or alter that single claim. *Compare* Filing No. 1 *with* Filing No. 33-3. Plaintiff's Complaint seeks to represent a class of individuals who also had registered their telephone numbers on the Do Not Call Registry and also received unsolicited text messages from Defendant. The specific manner in which Defendant purportedly obtained Plaintiff's and the proposed class members' phone numbers does not meaningfully change the legal framework or circumstances as alleged in Plaintiff's Complaint necessitating an amendment. See *Midwest Med. Sols.*, 95 F.4th at 607 ("Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good cause.").

Plaintiff also wants to amend his complaint to add factual allegations regarding his telephone numbers, and then alter the definition of the proposed class based upon those factual allegations. Specifically, Plaintiff wants to add factual allegations that his phone number ending in 1146 is Plaintiff's only residential phone number; Plaintiff does not have a landline; Plaintiff's phone number ending in 1146 is his personal cell phone; and that Plaintiff owns a real estate business and maintains four separate phone numbers ending in 6224, 0737, 6430 and 0366 for operational purposes so that people do not call his personal cell phone for matters dealing with routine operation of the business. (Filing No. 33-4 at pp. 4-5). But, Plaintiff has made no showing why factual information regarding *his own telephone numbers* could not have been included in his original complaint, or why he could not have moved to amend his pleading to add these facts prior to the expiration of the amended pleading deadline. These are not newly discovered facts, as Plaintiff would have always been in possession of this factual information regarding the existence and use of his own telephone numbers. Had Plaintiff been diligent, he would have added facts regarding his own telephone numbers prior to the expiration of the deadline to amend pleadings. See, e.g., *IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 524 (D. Minn. 2018) (finding good cause to allow untimely amendment did not exist because the court could not

8

conclude "Plaintiff's purportedly newly discovery facts proffered in support of the proposed second amended class complaint are actually newly discovered," as the source of the facts had "been available to Lead Plaintiff since the outset of this case.").

Because Plaintiff has not established good cause to amend the scheduling order under Rule 16(b), the Court need not consider prejudice to Defendant or the other grounds upon which Defendant opposes the proposed amendments under Rule 15(a). See *Sherman*, 532 F.3d at 717. Nevertheless, the Court also considers that Defendant would be prejudiced by the untimely amendment because at the time Plaintiff filed this motion, written discovery had closed, both Plaintiff's deposition and Defendant's deposition had been taken, and Defendant was preparing to file a dispositive motion on Plaintiff's original pleading. See Filing No. 20; Filing No. 32. Permitting Plaintiff to amend his pleading would have resulted in additional discovery and delayed the proceedings. See *Popp Telcom.*, 210 F.3d at 943 ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."). Under the circumstances, the Court finds Plaintiff has not demonstrated good cause to allow his untimely amended pleading, and will therefore deny his motion to amend his complaint.

## II.    Defendant's Motion to Compel

Defendant has filed a Motion to Compel, to Deem Admissions Admitted, and to Enlarge the Number of Interrogatories to be Issued to Plaintiff (Filing No. 35). Defendant seeks a court order requiring Plaintiff to provide complete responses to Defendant's Second Set of Interrogatories and to Defendant's Second Set of Document Requests; deeming Defendant's First Set of Admissions as admitted; and for reasonable attorney fees incurred in filing the motion. Plaintiff opposes the motion because Defendant failed to obtain the leave of Court to file its motion; failed to meaningfully meet and confer on the issues raised; failed to demonstrate Plaintiff's objections to overbroad and unauthorized discovery should be overruled; and failed to demonstrate why Plaintiff's requests for admission should be deemed admitted. (Filing No. 38).

The Court will deny Defendant's motion in its entirety for several reasons. First, Defendant failed to comply with the Court's Case Progression Order and this district's Civil Case

Management Practices,[2] which both require a party to first request a conference with the assigned magistrate judge to discuss the parties' discovery dispute prior to filing a motion to compel.  See (Filing No. 20 at p. 1) (providing, "A motion to compel . . . shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, *and after being granted leave to do so by the Court*.").  During the pre-scheduled status conference on June 17, 2024, defense counsel did note there was an ongoing discovery dispute; however, the Court's direction was to "meet and confer" first.  The Court did not hear the merits of the dispute or otherwise give Defendant leave to file a motion to compel.  See Filing No. 32.

Additionally, Defendant failed to provide evidence of the requisite of "personal consultation" regarding the dispute as required by this district's local rules:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.1(j).  Although the motion to compel states defense counsel "met and conferred" with Plaintiff's counsel, and that Defendant shared a draft copy of the motion to compel, the motion does not state the date, time, and place of the "personal consultation."  See Filing No. 35.  Nor did defense counsel attach any of counsel's communications regarding their meet and confers to resolve this dispute prior to filing the instant motion.

While Defendant did not provide the Court with any evidence documenting counsel's communications, in opposing the motion Plaintiff's counsel filed some of counsel's email exchanges.  Plaintiff's counsel sent defense counsel an email dated June 20, 2024, noting his "surprise" at defense counsel's representations regarding his issues with Plaintiff's supplementation of discovery and belief there were outstanding issues, and asking defense counsel to respond to his proposal to resolve their dispute by June 25, 2024.  (Filing No. 38-2 at p. 2).

---

[2] Available at <https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management>.

Defense counsel apparently did not respond to the proposal by June 25. Defense counsel's email dated June 30, 2024, states only, "We are filing a motion to compel Tuesday. We will be citing Plaintiff's deposition and will file it with the Court. The phone number is in the transcript and we want to raise that issue with you before we file the transcript." (Filing No. 38-2 at p. 8). Plaintiff's counsel responded by email dated July 1, 2024, summarizing Defendant's response as his "refusing to meet and confer" and an insistence on filing a motion to compel. Plaintiff's counsel reiterated his proposal and asked defense counsel to respond. (Filing No. 38-2 at pp. 7-8). The record does not reflect any further emails after Plaintiff's July 1, email, and Defendant filed its motion to compel a week later on July 8. These emails do not demonstrate defense counsel engaged in "personal consultation . . . and sincere attempts to resolve differences" prior to filing the motion to compel.

Finally, even if the Court excused Defendant's noncompliance with the procedural rules prior to filing a motion to compel, the Court finds Defendant has failed to provide the Court with a proper record upon which it could determine that Plaintiff's production has been insufficient, or that his objections should be overruled. "If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed." See NECivR 7.1(a)(2). A brief in support of a motion "must not recite facts unless supported as described in Nebraska Civil Rule 7.1(a)(2)." NECivR 7.1(a)(1)(A). "The district court has considerable discretion in applying its local rules." *R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) (quoting *Buffets, Inc. v. Leischow*, 732 F.3d 889, 895 (8th Cir. 2013)). "A local rule of a district court has the force of law . . . and the parties are charged with knowledge of [those] rules. . . ." *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997). District courts have broad discretion to limit discovery and decide discovery motions. *Wilbur-Ellis Co. v. Gompert*, No. 8:21CV340, 2023 WL 6038022, at *1 (D. Neb. Sept. 15, 2023) (citing *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)). A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Id.* at *1.

Defendant asks the Court to compel Plaintiff to respond to Defendant's Second Set of Interrogatories. Plaintiff did not answer these interrogatories, but instead objected that Defendant exceeded the maximum number of interrogatories permitted to be served under Rule 33(a)(1). (Filing No. 35-3 at pp. 28-31); see Fed. R. Civ. P. 33(a)(1) (providing, "a party may serve on any

other party no more than 25 written interrogatories, including all discrete subparts."). Defendant did not address the merits of Plaintiff's objections in its brief. Nor did Defendant provide the Court with a copy of its first set of interrogatories served upon Plaintiff so that the Court could assess whether Plaintiff's objections under Rule 33(a)(1) were valid, or determine whether Defendant should be given leave to serve additional interrogatories. See Fed. R. Civ. P. 33(a)(1) (providing "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."). As such, Defendant has failed to show Plaintiff should be compelled to answer the Second Set of Interrogatories.

Defendant also broadly asks the Court to compel Plaintiff "to provide complete responses to Defendant's Second Set of Document Requests." (Filing No. 35-1 at p. 11). Defendant served 29 separate Requests for Production of Documents upon Plaintiff, but does not identify which specific requests are deficient. Plaintiff has apparently produced some, but not all documents requested by Defendant, and identified some, but not all the information desired by Defendant. However, Defendant has failed to connect the documents it seeks with any specific request for production, nor has it attempted to explain why any of Plaintiff's objections are invalid. Under the circumstances, the Court cannot determine whether Plaintiff "fail[ed to produce documents . . . as requested under Rule 34" sufficiently to grant Defendant's motion to compel as to its second set of requests for production. See Fed. R. Civ. P. 37(a)(3)(B).

Defendant also asks the Court to deem Plaintiff's responses to Defendant's Requests for Admissions admitted. Defendant argues this is warranted, both because Plaintiff's responses were served late, but also because "the admission responses are nothing more than another example of Plaintiff's counsel's games." (Filing No. 35-1 at pp. 11-12). A request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection[.]" Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Eighth Circuit construes the phrase "'on motion' generously, 'to encompass court filings that [are] not formal motions.'" *Stine Seed Co. v. A & W Agribusiness, LLC*, 862 F.3d 1094, 1102 (8th Cir. 2017) (quoting *Quasius v. Schwan Food Co.*, 596 F.3d 947, 951 (8th Cir. 2010)).

Plaintiff's responses to Defendant's requests for admission were admittedly late.[3] Plaintiff contends Defendant "waived" its argument that Plaintiff's responses were late "by extending its professional courtesy." (Filing No. 38 at p. 11). Review of counsel's emails on this issue do not substantiate Plaintiff's position that defense counsel accepted Plaintiff's late responses. Instead, defense counsel told Plaintiff "the admissions were due on the 7th. You are late on the admissions" and reiterated Plaintiff "missed the deadline" when Plaintiff replied they were timely. And although Plaintiff's counsel then replied thanking defense counsel "for your professional courtesy in waiting one day," the emails do not reflect defense counsel responded to that message, nor actually agreed to accept the late responses. (Filing No. 38-2 at pp. 13-15). Because Plaintiff did not serve written answers within 30-days, under Rule 36(b) the matters are automatically deemed admitted.

However, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Advisory Committee Notes to Rule 36, 1970 Amendment.

Here, the Court broadly construes Plaintiff's response to Defendant's motion as a request to withdraw admissions. It is important to note Plaintiff *did* serve responses to Defendant's requests for admissions, albeit three days late. However, Defendant has made no showing of prejudice resulting from a three-day delay in receipt of Plaintiff's responses. A brief delay from expected the receipt of responses on a Friday to Monday cannot have interfered with Defendant's defense to this action on the merits, and the Court is satisfied that withdrawal of admissions will promote the presentation of the merits of the action. Consequently, any "deemed admissions" are withdrawn, and Plaintiff's responses served on June 10, 2024, shall stand. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Amended Motion for Leave to Modify File First Amended Class Action Complaint and Modify Case Progression Order (Filing No. 33) is denied.

---

[3] Defendant served the Requests for Admission upon Plaintiff's counsel on May 8, 2024, and thus Plaintiff's responses were due June 7, 2024. Plaintiff responded on June 10, 2024, making the responses 3-days late rather than 1-day late, as advanced by Plaintiff's counsel.

2. Defendant's Motion to Compel, to Deem Admissions Admitted, and to Enlarge the Number of Interrogatories to be Issued to Plaintiff (Filing No. 35) is denied.

3. A telephone conference to discuss case progression is set before the undersigned magistrate judge on **April 16, 2025, at 10:30 a.m.** Counsel shall use the WebEx Conference Instructions (Filing No. 42) to participate in the call.

Dated this 21st day of March, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge